UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TYRONE NOEL NUNN,

                         Plaintiff,

     v.

ELY STATE PRISON, *et al.*,

                    Defendants.

Case No. 3:23-cv-00540-MMD-CSD

ORDER

On November 8, 2023, this Court ordered *pro se* Plaintiff Tyrone Noel Nunn to submit a complaint and file a fully complete application to proceed *in forma pauperis* ("IFP application") or pay the full $402.00 filing fee on or before January 5, 2024. (ECF No. 3.) Plaintiff was warned the action could be dismissed if he failed to submit a complaint and file a fully complete IFP application with all three documents or pay the full $402.00 filing fee for a civil action by that deadline. (*Id.* at 2-3.) When the deadline expired, Plaintiff had not submitted a complaint and had not filed a fully complete IFP application or paid the full $402.00 filing fee.

Because Plaintiff submitted a motion for appointment of counsel, an incomplete IFP application, and a motion to consolidate (ECF Nos. 4, 5, 6), the Court considered meaningful alternatives to dismissal and issued another order on February 20, 2024, granting Plaintiff one final opportunity to submit a complaint and file a fully complete IFP application by the deadline of March 15, 2024 (ECF No. 7). The deadline has now expired and Plaintiff still has not submitted a complaint and has not filed a fully complete IFP application or paid the full $402.00 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . .

1    dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831
2    (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court
3    order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
4    1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to
5    keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th
6    Cir. 1987) (affirming dismissal for failure to comply with court order). In determining
7    whether to dismiss an action on one of these grounds, the Court must consider: (1) the
8    public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
9    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
10   of cases on their merits; and (5) the availability of less drastic alternatives. *See In re
11   Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting
12   *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

13          The first two factors, the public's interest in expeditiously resolving this litigation
14   and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's
15   claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal
16   because a presumption of injury arises from the occurrence of unreasonable delay in filing
17   a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
18   F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of
19   cases on their merits—is greatly outweighed by the factors favoring dismissal.

20          The fifth factor requires the Court to consider whether less drastic alternatives can
21   be used to correct the party's failure that brought about the Court's need to consider
22   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining
23   that considering less drastic alternatives *before* the party has disobeyed a court order
24   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th
25   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that
26   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's
27   order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
28   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff submits a complaint and either files a fully complete IFP application or pays the $402.00 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. Setting a third deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to submit a complaint and file a fully complete IFP application or pay the full $402.00 filing fee in compliance with this Court's November 8, 2023, and February 20, 2024, orders.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, Plaintiff must file a complaint and satisfy the matter of the filing fee in a new case.

DATED THIS 26th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE